IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR58 |
| v. | |
| JERRILEE BARAJAS, | MEMORANDUM AND ORDER |
| Defendant. | |

On March 22, 2022, a federal grand jury returned a one-count indictment (Filing No. 1) against defendant Jerrilee Barajas ("Barajas") alleging she knowingly and intentionally possessed "with intent to distribute 50 grams or more of methamphetamine (actual)," in violation of 21 U.S.C. § 841(a)(1) and (b)(1). That charge carried a mandatory minimum sentence of 10 years in prison and a maximum of life, to be followed by at least 5 years of supervised release. *See id.* § 841(b)(1)(A)(viii).

In June 2023, Barajas entered into a written plea agreement with the government (Filing No. 77) in which she agreed to waive her right to an indictment and plead guilty to an information (Filing No. 73) charging her with knowingly and intentionally possessing "with intent to distribute 50 grams or more of a mixture or substance containing" methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The change from methamphetamine (actual) to a methamphetamine mixture reduced the potential penalties she faced to 5 to 40 years in prison, to be followed by at least 4 years of supervised release. *See id.* § 841(b)(1)(B)(viii).

In the plea agreement, Barajas acknowledged that she "knew the package of methamphetamine [that led to her arrest] was imported from Mexico" and that she "organized, led, managed, and supervised [the] receipt of the package." She further agreed that her offense level for purposes of the United States Sentencing Guidelines ("U.S.S.G."

or "Guidelines") would be enhanced by two levels because of her "participation as an organizer, leader, manager or supervisor in the offense of conviction, pursuant to U.S.S.G. § 3Bl.l(c)" and by another two levels because she "imported methamphetamine from Mexico, pursuant to U.S.S.G. § 2D1.1(b)(5)." The plea agreement preserved Barajas's right to request a downward departure or variance at sentencing.

On June 30, 2023, the Court accepted Barajas's waiver of indictment (Filing No. 75), arraigned her on the information, and accepted her guilty plea. At the change-of-plea hearing, the Court completed an extensive plea colloquy with Barajas regarding her constitutional rights and the serious implications of her plea, including the penalties she faced and the impact of the Guidelines. Barajas confirmed she discussed all of that with her counsel, Joe Howard ("Howard"), and wanted to plead guilty. Barajas specifically admitted to the factual basis, acknowledged the applicability of the two Guidelines enhancements, and stated Howard had answered all of her questions.

Before sentencing, Barajas, through counsel, filed a "Motion for Downward Departure/Variance" (Filing No. 96) and supporting brief (Filing No. 97). She asked the Court to impose a sentence of 120 months incarceration followed by 4 years of supervised release. She acknowledged it was much lower than her advisory Guidelines range of 210 to 262 months but argued she "performed exceptionally well on Pretrial Release" and could contribute to society while managing her ongoing struggle with addiction.

The Court sentenced Barajas on October 26, 2023. At the sentencing hearing, Barajas did not object to her Revised Presentence Investigation Report (Filing No. 104), and the Court accepted it without change. At allocution, Barajas expressed regret and her hope to build on the progress she had made after her arrest. Although the Court denied Barajas's request for a departure, it did grant her request for a downward variance, sentencing her to 186 months in prison, followed by 4 years of supervised release (Filing No. 106). The Court explained that Barajas's role as an organizer, leader, and manager and

the fact that she knew the drugs were coming from Mexico impacted its analysis of the relevant sentencing factors under 28 U.S.C. § 3553(a). Barajas did not appeal.

On March 18, 2024, Barajas moved *pro se* to reduce her sentence under 18 U.S.C. § 3582(c)(2) (Filing No. 108). The Court appointed counsel to represent her (Filing No. 109) and ordered the United Staes Probation Office for the District of Nebraska to prepare a retroactive sentencing worksheet, which it did (Filing No. 111). Upon review, the Court denied the motion (Filing No. 112).

Now before the Court is Barajas's motion for sentencing relief pursuant to 28 U.S.C. § 2255 (Filing No. 114).[1] Barajas reports the Guidelines enhancement she received for her leadership role has limited her eligibility "for the First Step Act or First time Credits" which, in turn, prevents her from taking certain classes because eligible inmates jump ahead of her on the waiting list.

In her motion, Barajas contends Howard was ineffective in representing her, *see Strickland v. Washington*, 466 U.S. 668, 694 (1984), because he failed to prepare her "properly" and "did not explain what [she] was signing in a manner that [she] could understand." She states she was "uncomfortable agreeing to the" two sentencing enhancements and suggests that without Howard's advice, she "would have stayed with the indictment instead of the information." Barajas states, "Mr. Howard insisted that [she] would receive a 25-year sentence if [she] took the case to trial and that was the last thing [she] wanted."

---

[1] At first blush, the motion appears to possibly be out of time. *See* 28 U.S.C. § 2255(f) (generally setting a one-year limitation period on § 2255 motions). But the Court notes Barajas submitted a letter dated September 3, 2024 (Filing No. 113), that requested "review of the enhancement of [her] sentence" and asked whether her sentence could be modified. The Court will give her the benefit of the earlier filing date and consider her motion timely filed.

3

To prevail on an ineffective-assistance claim, Barajas must show that Howard's "performance was deficient and that the deficiency prejudiced the defense." *Burnett v. United States*, 125 F.4th 912, 914 (8th Cir. 2025). Howard's performance is deficient if "it 'fell below an objective standard of reasonableness.'" *Dressen v. United States*, 28 F.4th 924, 928 (8th Cir. 2022) (quoting *Dat v. United States*, 920 F.3d 1192, 1193 (8th Cir. 2019)). In assessing performance, the Court strives "to eliminate the distorting effects of hindsight" and indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and represents sound strategy. *Strickland*, 466 U.S. at 689.

"Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different." *Jackson v. United States*, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoting *United States v. Orr*, 636 F.3d 944, 950 (8th Cir. 2011)). "To demonstrate prejudice in the guilty plea context, 'the petitioner must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.'" *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014)). The Court will "not upset a plea solely because of *post hoc* assertions from a defendant about how [s]he would have pleaded but for [her] attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 368-69 (2017) (emphasizing "the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas'" (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979))).

"*Strickland* sets a 'high bar' for unreasonable assistance." *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020). Barajas does not clear it. *See Haney v. United States*, 962 F.3d 370, 373 (8th Cir. 2020) ("A district court may resolve a motion under § 2255 without a hearing if 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255(b))). To start, Barajas offers nothing to overcome *Strickland*'s presumption of reasonableness. *See Strickland*, 466 U.S. at 689

4

(noting each case presents "countless ways to provide effective assistance"). To the contrary, the advice she attributes to Howard falls well within the standard of objective reasonableness. Based on the record and the Court's observations, Howard diligently represented Barajas and was able to negotiate a plea agreement that lowered the sentencing range she faced and preserved her right to seek a downward variance at sentencing. He then used that opportunity to obtain a sentence that was 24 months below the bottom of her advisory Guidelines range. Barajas gives no reason why she thinks she would have been better off with the original indictment than with the less-serious charge in the information.

Next, many of Barajas's *post hoc* assertions about Howard and about her role in her offense directly contradict what she said under oath during her plea colloquy. Barajas specifically stated she had no issues with Howard's representation and fully understood her (1) waiver of indictment, (2) detailed plea agreement, and (3) knowing and voluntary guilty plea based on the factual basis recited by the government at the hearing. Indeed, her plea agreement certifies that Barajas not only read it, but also discussed its terms with Howard and "fully [understood] its meaning and effect." Having confirmed that at the hearing, the Court gives far more weight to Barajas's prior statements than to her post-carceral misgivings about her sentence. *See Lee*, 582 U.S. at 369 (counseling judges to "look to contemporaneous evidence to substantiate a defendant's expressed preferences").

The Court does not doubt that Barajas has consistently been concerned about the sentencing enhancements in her case. Her leadership role in obtaining the drugs and knowledge that the drugs came from Mexico were not incidental matters. They both played a pivotal part in the terms of her plea agreement, including in the factual basis and sentencing agreements; her advisory Guidelines calculation; and the sentence the Court imposed in light of the § 3553(a) factors.

But, even now, Barajas does not claim that but for Howard's purported errors, she would have rejected the plea agreement and "would have insisted on going to trial." *See*

5

*Meza-Lopez*, 929 F.3d at 1044 (quoting *Frausto*, 754 F.3d at 643). She instead asks for a sentence modification or resentencing.

What's more, the strong evidence against Barajas, the absence of any obvious defense, and her present acknowledgement that the risks of trial and the realistic possibility of a 25-year sentence "was the last thing [she] wanted" strongly suggest she would not have insisted on rolling the dice and taking her chances at trial. *See Lee*, 582 U.S. at 367 (noting that "[a] defendant without any viable defense will be highly likely to lose at trial" which makes it "highly likely that he will accept a plea if the Government offers one"). In these circumstances, Barajas has not shown any prejudice from the errors Howard purportedly made. *See id.* (explaining "a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers [her] a better resolution than would be likely after trial").[2]

The Court has also carefully considered whether Barajas qualifies for a certificate of appealability—which she must have to appeal this decision. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). Section 2253(c)(2) "permits the issuance of a [certificate] only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Barajas has not made the requisite showing.

For the foregoing reasons,

IT IS ORDERED:

1. Defendant Jerrilee Barajas's motion for sentencing relief under 28 U.S.C. § 2255 (Filing No. 114) is denied.

---

[2]To the extent Barajas contends Howard was ineffective for failing to obtain a plea offer that did not include the sentencing enhancements, that argument likewise falls short. Nothing in the record indicates the government was amenable to such an agreement, and Barajas had "no right to be offered a plea," let alone one on her preferred terms. *Missouri v. Frye*, 566 U.S. 134, 148 (2012).

2. No certificate of appealability will issue.
3. The Court will enter a separate judgment.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Barajas at her address of record.

Dated this 14th day of April 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge